**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
**TRANSCONTINENTAL GAS PIPELINE**
**CORPORATION,**

                               **Plaintiff,**                   **MEMORANDUM AND ORDER**

                -against-                                    07-CV-0009 (ERK)

**LANDS IN THE COUNTY OF KINGS, et al.,**

                               **Defendants.**
----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      On January 1, 2007, plaintiff Transcontinental Gas Pipeline Corporation ("plaintiff" or "Transcontinental") filed an action to condemn land owned by defendant New York City ("defendant" or "the City") for the purposes of establishing a permanent easement pursuant to the Natural Gas Act, 15 U.S.C. §§ 717 *et seq*. Although defendant filed an answer to the original complaint, it has yet to answer the amended complaint filed on June 8, 2007, choosing instead to file a motion to dismiss. Plaintiff argues that this preliminary motion is strictly forbidden in condemnation proceedings, which are governed by Rule 71A of the Federal Rules of Civil Procedure. Plaintiff further claims that because defendant failed to file an answer as Rule 71A requires, it waived all objections and defenses to the amended complaint. Defendant responds that any error in failing to file an answer was made in good faith and urges this Court to exercise its discretion to allow defendant to now file an answer to the amended complaint or, alternatively, file an answer after the Honorable Edward R. Korman rules on defendant's pending motion to dismiss.

For the reasons set forth below, this Court grants defendant's motion and directs that it answer the amended complaint by November 2, 2007.

## **PROCEDURAL HISTORY**

On January 1, 2007, plaintiff filed its initial complaint and, on February 26, 2007, defendant answered that pleading. See Plaintiff's Original Complaint; Answer of New York City. On April 10, 2007, the Court held an initial conference to discuss preliminary scheduling matters. See generally Transcript of April 10, 2007 Initial Conference ("Tr."). At the conference, defendant informed the Court that it planned to make a preliminary motion to dismiss the complaint. Tr. at 8. The Court, defendant, and plaintiff then discussed whether the concerns defendant intended to raise in its motion to dismiss could be eliminated by plaintiff's filing of an amended complaint after completing a survey of the land at issue. Tr. 8-14. The Court then set a deadline for an amended complaint, as well as a discovery schedule. Tr. at 18, 29-32.

On June 8, 2007, plaintiff filed an amended complaint with the survey attached as an exhibit; taking into account several so-ordered stipulations of extension of time, defendant had until August 31, 2007 to answer. See Plaintiff's Amended Complaint; June 22, 2007 Stipulation; July 25, 2007 Stipulation. Rather than filing an answer, on August 23, 2007 and August 30, 2007, defendant moved to dismiss the amended complaint.[1] Plaintiff now argues

---

[1] Defendant mistakenly filed its August 23, 2007 motion to dismiss with this Court, instead of with Judge Korman. On August 24, 2007, this Court denied the motion without prejudice, see 8/24/2007 Order, and defendant subsequently re-filed the motion with Judge Korman on August 30, 2007.

2

that because defendant erroneously filed a preliminary motion to dismiss and failed to provide a timely answer by the August 31st deadline, the Court should not allow defendant to serve an answer to the amended complaint.

**DISCUSSION**

Rule 71A of the Federal Rules of Civil Procedure outlines the procedural steps required to condemn land under the Natural Gas Act. See generally Fed. R. Civ. P. 71A; see also Nat'l Fuel Gas Supply Corp. v. 138 Acres of Land in the Village of Springville, 84 F.Supp.2d 405, 415 (W.D.N.Y. 2000) (holding that 71A supersedes state procedural law governing condemnation proceedings). Rule 71A procedure departs from a typical federal civil action in that it limits a defendant's objections and defenses to an answer, which defendant "shall serve . . . . within 20 days after the service of notice upon the defendant." See Fed. R. Civ. P. 71A(e). The same limited response – an answer within 20 days – applies to an amended complaint. See Fed. R. Civ. P. 71A(f) ("Within the time allowed by subdivision (e) of this rule a defendant may serve an answer to the amended pleading, in the form and manner and with the same effect as there provided."). On whether pre-answer motions are permitted, the Rule's text appears to be fairly clear: "No other pleading or motion asserting any additional defense or objection shall be allowed." Fed. R. Civ. P. 71A(e); see Advisory Committee on Federal Rules of Civil Procedure, Comment to Fed. R. Civ. P. 71(A)(e) ("Departing from the scheme of Rule 12, subdivision (e) requires all defenses and objections to be presented in an answer and does not authorize a preliminary motion."); see also Atlantic Seaboard Corp. v. Van Sterkenburg, 318 F.2d 455, 458 (4th Cir. 1963) ("The Rule's prohibition of any pleading

other than an answer is clear and unequivocal.").

What is less clear from the text, however, is the Court's discretion to grant an extension of the 20-day answering period. See Rands v. United States, 367 F.2d 186, 188 (9th Cir. 1966), rev'd on other grounds, 389 U.S. 121 (1967) (noting that the language of the rule "offers little guidance" on a court's discretion to extend for excusable neglect). Only a few reported cases have examined this specific issue. See Atlantic Seaboard, 318 F.2d at 459 (characterizing it as "doubtless" that a court has the right to grant an extension of time); United States v. 687.30 Acres of Land, 319 F.Supp. 128, 131 (D. Neb. 1970) (holding that court has discretion to extend). Although the courts in Atlantic Seaboard and 687.30 Acres concluded that a court could, in its discretion, extend the time to answer under Rule 71A, neither cited any particular authority for such discretion. See Atlantic Seaboard, 318 F.2d at 459; see also 687.30 Acres, 319 F.Supp. at 131. Such authority was identified in a later case, United States v. 38.80 Acres of Land, which, in holding that the court could, in its discretion, extend the time to answer under Rule 71A, quoted extensively from a Ninth Circuit opinion that cited Rule 6(b)(2)'s "excusable neglect" provision as a source of discretion under Rule 71A.[2] See Fed. R. Civ. P. 6(b)(2); United States v. 38.80 Acres of Land, 441 F.Supp. 890, 892 (D. Okl. 1977) (citing Rands, 367 F.2d at 188-89).

Rule 6(b)(2) grants courts the authority to extend a deadline that has expired under the

---

[2] While declining to decide the issue, the Rands court also identified discretionary authority stemming from Rule 60(b) of the Federal Rules of Civil Procedure. See Rands, 367 F.2d at 188-89. Rule 60(b)(1) is inapplicable here, as it governs relief from a "final judgment, order or proceeding." See Fed. R. Civ. P. 60(b).

4

Federal Rules if the "failure to act was the result of excusable neglect." See Fed. R. Civ. P. 6(b)(2). Rule 6(b) carves out specific exceptions to this authority. See id. ("[B]ut it may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e), and 60(b), except to the extent and under the conditions stated therein."). In assessing excusable neglect, courts should consider: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. See Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 228 (2d Cir. 2004) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)). Excusable neglect is an elastic concept that takes into consideration all relevant circumstances. Tancredi, 378 F.3d at 228. "In other words, mere inadvertence, without more, *can* in some circumstances be enough to constitute 'excusable neglect' justifying relief under Rule 6(b)(2)." Raymond v. Int'l Bus. Machines, 148 F.3d 63, 66 (2d Cir. 1998) (emphasis in original).

As an initial matter, Rule 71A is not one of the enumerated exceptions to Rule 6(b)(2). Cf. id. (applying Rule 6(b) to Rule 38(b) because it is not listed as an exception); Rands, 367 F.2d at 189 (noting that Rule 6(b) "lists the other rules to which it is inapplicable, without including Rule 71A in that list"). Thus, this Court will consider whether defendant's failure to file an answer by the August 31, 2007 deadline constitutes excusable neglect under Rule 6(b)(2).

Weighing the equitable factors in the instant case, the Court concludes that defendant's omission qualifies as excusable neglect. First, the prejudice to plaintiff as a result of allowing defendant to answer the amended complaint is minimal, as plaintiff is already cognizant of defendant's potential defenses and objections through its answer to the original complaint. Second, the delay was not significant; less than two months have passed since the deadline expired. Additionally, defendant has demonstrated good faith by responding to the amended complaint, albeit through a pre-answer motion. Plaintiff has not shown that defendant intentionally decided to pursue a pre-trial motion with the knowledge that it was prohibited.[3] To be sure, defendant's error was within its power to avoid, as Rule 71A sets out express steps for handling condemnation procedures. See Weinstock v. Cleary, Gottlieb, Steen & Hamilton, 16 F.3d 501, 503 (2d Cir. 1994) (finding that ignorance of Federal Rule did not constitute excusable neglect). However, discussions at the initial conference concerning defendant's intention to file a pre-answer motion to dismiss distinguish this case from those involving mere oversight, as plaintiff, defendant and the Court all contributed statements that assumed that

---

[3] Indeed, it was not until October 4, 2007 that plaintiff for the first time took the position that Rule 71A prohibits a pre-answer motion to dismiss. See Plaintiff's Memorandum of Law In Opposition To Defendant's Pre-Answer Motion to Dismiss The Amended Complaint at 4-5. Although plaintiff complains that defendant has refused to withdraw the motion to dismiss despite the language of Rule 71A, see 10/5/07 Letter to the Court from Michael Schmidt, at 2, defendant's refusal is understandable given plaintiff's objection to extending defendant's time to answer and the potential consequences of failing to file a timely answer.

defendant would be able to file a pre-answer motion. See Tr. at 8-14.[4] Significantly, on August 23, 2007, after defendant filed its motion to dismiss with the undersigned magistrate judge, plaintiff wrote a letter demanding, among other things, that defendant withdraw the motion and re-file it with Judge Korman. See 8/23/07 Letter to the Court from Michael C. Schmidt, at 2. While complaining that the motion was procedurally defective, plaintiff at no time cited or even alluded to Rule 71A.[5]

In light of the discussions at the initial conference and plaintiff's August 23rd letter, defendant's delay in filing its answer constitutes excusable neglect, and, thus, this Court has

---

[4] For example, after defendant told the Court it believed that the complaint should be dismissed as fatally defective, the Court asked plaintiff if it would be willing to incorporate a survey in an amended pleading "in order to avoid a motion." Tr. at 9-10. Plaintiff replied: "Oh, of course. Absolutely, your Honor." Tr. at 11. Later, the Court informed plaintiff that "your adversary has said that he plans to move against the complaint . . . [and] if there is a motion to dismiss, it would go to Judge Korman[.]" Tr. at 12. Plaintiff responded: "If what I'm hearing is that the only way I can avoid a motion is to actually file a formal, amended complaint, I suppose I'll have to do that." Tr. at 12-13. Finally, the Court informed the parties that "assuming that there isn't an issue about the adequacy of the survey itself, we get an answer to the amended complaint[.]" Tr. at 14.

In retrospect, it appears that at one point, plaintiff may have attempted to raise the Rule 71A procedural issue, but did so with a vague and fleeting comment that does not negate a finding of defendant's excusable neglect. See Tr. at 11 (noting that the next step after providing the survey would be a hearing on just compensation as counsel's "understanding [was there is] no further objection or defense under the federal condemnation procedure").

[5] Had plaintiff done so on August 23, defendant would have had sufficient time to file an answer by the August 31st deadline.

7

discretion under Rule 6(b)(2) to extend the City's time to answer the amended complaint.[6] See Raymond, 148 F.3d at 66-67 (finding that delay in filing jury demand constituted "excusable neglect" when both parties' memoranda of law, as well as the court's own summary judgment opinion, assumed the case would go to a jury).

## CONCLUSION

For the foregoing reasons, the Court extends defendant's time to answer the amended complaint until November 2, 2007.

Any objections to the recommendations contained in this Memorandum and Order must be filed with the Honorable Edward R. Korman on or before November 2, 2007, or will be deemed waived.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**October 23, 2007**

                              **ROANNE L. MANN**
                              **UNITED STATES MAGISTRATE JUDGE**

---

[6] Indeed, plaintiff's suggestion that the Rule's 20-day time period may not be extended is inconsistent with the two stipulations of extension that plaintiff entered into earlier in the case.